| | |
|---|---|
| MICHAEL BARCLAY, State Bar No. 088993<br>MICHAEL B. LEVIN, State Bar No. 172329<br>THERESA E. NORTON, State Bar No. 193530<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300<br>Facsimile: (650) 565-5100<br>E-mail: mbarclay@wsgr.com<br>mlevin@wsgr.com<br>tnorton@wsgr.com<br><br>Attorneys for Third Party InterVideo, Inc. | RUSSELL TONKOVICH, Bar No. 233280<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, CA 94104-1501<br>Telephone: (415) 439-1400<br>Facsimile: (415) 439-1500<br>E-mail: rtonkovich@kirkland.com<br><br>ROBERT A. APPLEBY (pro hac vice)<br>MICHAEL P. STADNICK (pro hac vice)<br>JENNY N. LEE (pro hac vice)<br>KIRKLAND & ELLIS LLP<br>153 East 53rd Street<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>E-mail: jlee@kirkland.com<br><br>Attorneys for<br>Plaintiff Lucent Technologies Inc. |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN THE MATTER OF A SUBPOENA ISSUED TO INTERVIDEO, INC.<br><br>Lucent Technologies Inc.,<br><br>        Plaintiff,<br><br>    v.<br><br>Gateway, Inc. et al.,<br><br>        Defendant.<br><br>And related cross-actions and consolidated actions | Misc. Case No. CV 05-80278-SI<br><br>[Action pending in the United States District Court for the Southern District of California, Case No. 02-CV-2060-B (CAB), consolidated with Case No. 03-CV-0699-B (CAB) and Case No. 03-CV-1108-B (CAB)]<br><br>**STIPULATED PROTECTIVE ORDER BETWEEN INTERVIDEO AND LUCENT CONCERNING THE PRODUCTION OF ELECTRONIC SOURCE CODE** |

1  In accordance with the Court's rulings during the February 24, 2006 hearing on Lucent's
2  Motion to Compel InterVideo to Produce Documents and Deposition Testimony Pursuant to
3  Subpoena, Plaintiff Lucent Technologies Inc. and Third Party InterVideo, Inc., through their
4  respective outside counsel of record, agree to the following procedures for the production of
5  electronic source code to be used in the actions between Lucent, Dell, Gateway, and Microsoft
6  pending in the United States District Court for the Southern District of California, Case No. 02-CV-
7  2060-B (CAB), consolidated with Case No. 03-CV-0699-B (CAB) and Case No. 03-CV-1108-B
8  (CAB) (the "underlying actions"):

9  1.  a.  InterVideo (the "Producing Party") shall produce to Lucent (the "Inspecting
10 Party") an electronic copy of its source code which has been configured so as to be text-searchable
11 but cannot be copied or modified. The Inspecting Party agrees that it will not copy or modify this
12 produced copy of InterVideo's electronic source code. The Producing Party will also provide the
13 Inspecting Party with one complete copy of its source code in hard copy form. The Inspecting Party
14 further agrees that it will treat any printouts or hard copies of the Producing Party's source code in
15 the following manner:

16    b.  Any printouts or hard copies of the Producing Party's source code will be
17 Bates labeled and marked "Highly Confidential – Outside Counsel Only."

18    c.  The Inspecting Party will keep a log including the following information: 1)
19 the number of hard copies and/or printouts it makes, 2) the unique number that will be assigned to
20 and placed on each hard copy or printout, 3) the Bates number range of each hard copy or printout,
21 4) the name of each recipient of each hard copy or printout, and 5) the location where each hard copy
22 or printout is stored. The Inspecting Party agrees to provide a copy of this log to the Producing
23 Party, and to provide supplemental updated copies.

24    d.  The Inspecting Party agrees that the only persons who may view the
25 Producing Party's electronic source code or receive copies of hardcopies or printouts of the
26 Producing Party's source code are Outside Litigation Counsel with a need to review such documents
27 for purposes of the underlying litigation, Authorized Experts (as detailed in paragraph 4 below), and
28 the Court. The Inspecting Party agrees that with the exception of the Court, prior to receipt, each

person who receives a copy of a printout of the Producing Party's source code will sign a declaration, in the form attached as Exhibit B hereto, confirming his or her understanding that his or her copy is individually numbered and unique, that it is highly confidential, and that it may not be copied or further disseminated except as provided herein.

e. The Inspecting Party agrees that no hard copies or printouts of the Producing Party's source code may be kept in any location likely to be accessed by anyone who has not been pre-authorized to receive a copy, such as in a master pleadings file, general document storage location, or an Authorized Expert's general files. The Inspecting Party shall keep each hard copy or printout of the Producing Party's source code fastened together or otherwise intact as a single document so that its unique number may always be ascertained.

f. The Inspecting Party agrees that it will only produce hard copies or printouts of the Producing Party's source code to Outside Litigation Counsel of other parties to the underlying actions who have agreed to comply with the protective provisions imposed on the Inspecting Party by this Source Code Protective Order, including the maintenance and provision to the Producing Party of a log containing information regarding the secondary dissemination by those other parties. All such additional copies must also be individually numbered, tracked, and used only in accordance with the requirements of this Protective Order.

g. The Inspecting Party agrees that if hard copies or printouts of the Producing Party's source code are used as exhibits to expert declarations or Court filings, only those limited portions of the source code necessary for the Inspecting Party's specific purpose(s) be so attached. The Inspecting Party agrees that such hard copies or printouts of the Producing Party's source code will not lose any confidentiality protections by being attached as exhibits. To the extent that the Inspecting Party desires to submit any limited portion of a hard copy or printout of the Producing Party's source code as an exhibit to a Court filing, the Inspecting Party agrees that any such printout will be designated for filing under seal. If the Court does not grant a request to file such a printout under seal, the Inspecting Party agrees not to submit it to the Court.

h. If the Inspecting Party attaches any portion of any hard copy or printout of the Producing Party's source code to an expert declaration or to a Court filing, each such attachment

1  copy will be given its own unique number, and each recipient of such expert declarations or filings
2  will be included in the log maintained by the Inspecting Party. The Inspecting Party agrees that it
3  will only serve any such attachment copies on Outside Litigation Counsel of other parties who have
4  agreed to comply with the protective provisions imposed on the Inspecting Party by this Source
5  Code Protective Order, including the maintenance and provision to the Producing Party of a log
6  containing information regarding the secondary dissemination by those other parties. All such
7  additional copies must also be individually numbered, tracked, and used by Outside Litigation
8  Counsel of other parties only in accordance with the requirements of this Protective Order.

9      2.    Lucent, as the Inspecting Party, shall configure the secure computer as follows:

10     a.    The Inspecting Party agrees that it will only load the produced copy of the
11 Producing Party's source code onto a secure non-networked computer that has been configured so as
12 to have no ability to connect to the internet or to any other computer. The Inspecting Party agrees
13 that, except as provided in paragraph 6 below, the secure computer will be maintained in a locked
14 room and that only persons authorized to view the Producing Party's source code will have access to
15 this room.

16     b.    The Inspecting Party shall make no modifications to the source code. The
17 Inspecting Party shall be entitled to print any source code searches or analyses it may run on the
18 secure computer using any installed software and take with it from the secure room any such
19 printouts. All such printouts must be Bates labeled and marked "Highly Confidential – Outside
20 Counsel Only." The Inspecting Party agrees that it will only use the printouts in the manner set forth
21 above in Section 1.

22     c.    The secure computer shall be configured so that it will be unable to send or
23 receive email, and shall not have the ability to copy documents or information to a location outside
24 the secure computer, except for the printing of electronic source code, searches and analyses. For
25 example, the secure computer will not have a modem. The Inspecting Party shall not attempt to send
26 or receive email from the secure computer, and shall not attempt to copy documents or information
27 from the secure computer to a location outside the secure computer, except for the printing of
28 electronic source code, searches and analyses.

3. Except for the Producing Party, only Outside Litigation Counsel and Authorized Experts of the parties to the underlying actions (as detailed in paragraph 4 below) shall have access to the electronic source code contained on the secure computer. The Inspecting Party agrees that it will only permit inspection of the secure computer by Outside Litigation Counsel and Authorized Experts of other parties to the underlying actions who have agreed to comply with the protective provisions imposed on the Inspecting Party by this Source Code Protective Order. Outside Litigation Counsel and Authorized Experts shall only have access to the electronic source code contained on the secure computer for the purposes of the underlying actions and shall not use the electronic source code for any other purpose. Outside Litigation Counsel and Authorized Experts shall not be allowed to bring into the secure computer room any electronic storage media that is capable of being used to retrieve and store the electronic source code, including cameras. Outside Litigation Counsel and Authorized Experts may, however, bring into, and use in, the secure computer room cell phones (including cell phones containing a built-in camera), Blackberries, laptops, or other similar devices. Outside Litigation Counsel and Authorized Experts shall not take photographs of any electronic source code.

4. Only those outside experts or consultants of the parties to the underlying actions who are permitted to review OUTSIDE COUNSEL ONLY INFORMATION under the requirements of the Stipulated Protective Orders signed by the court in the underlying actions on August 14, 2003 and September 15, 2003 may be designated to serve as Authorized Experts. Any such outside expert or consultant who will be designated to serve as an Authorized Expert must sign the Confidentiality Agreement attached as Exhibit A hereto before accessing any electronic source code stored on the secure computer. No Authorized Expert shall be permitted access to the Producing Party's source code, either in printout or electronic form, without that Authorized Expert first signing the Confidentiality Agreement attached as Exhibit A to this Protective Order and being pre-approved by the Producing Party, regardless of whether he or she has already complied with the provisions of the Stipulated Protective Orders entered by the court in the underlying actions on August 14, 2003 and September 15, 2003. The Producing Party has already pre-approved the following Lucent experts: Drs. Sila Ekmecki, Nathaniel Polish, and Bernd Girod. A copy of each signed Confidentiality

1  Agreement shall be served on the Producing Party and the other parties to the underlying litigation.
2  Upon filing and service of a signed Confidentiality Agreement, the outside expert or consultant shall
3  be an Authorized Expert authorized to access the secure room and inspect the electronic source code
4  stored on the secure computer.

5      5. All electronic source code and hard copies or printouts of the source code shall be
6  designated as "Outside Counsel Only" under the Stipulated Protective Orders signed by the court in
7  the underlying actions on August 14, 2003 and September 15, 2003, in addition to the protections set
8  forth in this Protective Order. Except for the Producing Party, none of the parties' in-house counsel
9  or patent prosecution counsel may have access to the secure room, the electronic source code stored
10 on the secure computer, or any hard copies or printouts of that source code.

11     6. The Inspecting Party will be permitted to bring the secure computer containing the
12 Producing Party's electronic source code to a deposition of the Producing Party's designated
13 30(b)(6) witness(es), and to use the electronic source code during that deposition. The Inspecting
14 Party will also be permitted to bring individually numbered hard copies or printouts of the Producing
15 Party's source code to a deposition of the Producing Party's designated 30(b)(6) witness(es), and to
16 use those hard copies or printouts during that deposition.

17     7. This Order is subject to further court order based upon public policy or other
18 considerations and the Court may modify this Order sua sponte in the interests of justice.

19     8. To the extent there is any ambiguity with respect to paragraph 11 of the September
20 16, 2003 protective order between Lucent, Gateway, and Microsoft, the entirety of the Producing
21 Party's source code is deemed to constitute "competitively useful information" pursuant to that
22 paragraph's restrictions.

STIPULATED PROTECIVE ORDER     -5-
MISC. CASE NO. CV 05-80278-SI

| | | |
|---|---|---|
| 1 | Dated: March 6, 2006 | KIRKLAND & ELLIS LLP |
| 2 | | |
| 3 | | By:  s/ Michael Stadnick |
| 4 | | |
| 5 | | Attorneys for LUCENT TECHNOLOGIES INC. |
| 6 | | |
| 7 | Dated: March 6, 2006 | WILSON SONSINI GOODRICH & ROSATI, P.C. |
| 8 | | |
| 9 | | By:  s/ Theresa Norton |
| 10 | | |
| 11 | | Attorneys for Third Party InterVideo, Inc. |

3/8/06

IT IS SO ORDERED, this ___ day of _____, 2006.

_____

Susan Illston

United States Magistrate Judge

STIPULATED PROTECIVE ORDER                    -6-
MISC. CASE NO. CV 05-80278-SI

**EXHIBIT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN THE MATTER OF A SUBPOENA ISSUED TO INTERVIDEO, INC. | Misc. Case No. CV 05-80278-SI |
| Lucent Technologies Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Gateway, Inc. et al.,<br><br>Defendant. | [Action pending in the United States District Court for the Southern District of California, Case No. 02-CV-2060-B (CAB), consolidated with Case No. 03-CV-0699-B (CAB) and Case No. 03-CV-1108-B (CAB)]<br><br>**CONFIDENTIALITY AGREEMENT CONCERNING PRODUCTION OF ELECTRONIC SOURCE CODE** |
| And related cross-actions and consolidated actions | |

The undersigned agrees as follows:

1. The undersigned agrees that, for a period of eighteen (18) months after the later of (a) the close of fact discovery in the underlying actions, or (b) the last date on which that expert or consultant has read InterVideo's source code, the undersigned will not be hired to design and/or code software pertaining to any of the following technology areas for any product that competes or potentially competes with the InterVideo product(s) for which the undersigned reviewed electronic source code:

- MPEG-1, Layer 3 Audio Codecs
- MPEG-1 Video Codecs
- MPEG-2 Video Codecs

STIPULATED PROTECIVE ORDER
MISC. CASE NO. CV 05-80278-SI

1  2. The undersigned agrees that the undersigned will neither (a) divulge the contents of the Producing Party's electronic source code viewed by the undersigned to anyone not permitted to receive such contents under the Stipulated Protective Order Between InterVideo and Lucent Concerning the Production of Electronic Source Code, nor (b) attempt to put to commercial use or personal gain any application of the Producing Party's electronic source code. In addition, the undersigned agrees that the undersigned will only use the contents of any Producing Party's electronic source code in the strict context of the underlying actions.

3. Upon conclusion of the consolidated underlying actions (including appeals), the undersigned agrees to destroy all notes and work product concerning any electronic source code of the Producing Party accessed by the undersigned on the secure computer or any other documents designated "Outside Counsel Only." The undersigned further agrees to destroy any and all copies of such source code in his or her possession, custody, or control at that time.

4. The undersigned consents to the personal jurisdiction of this Court.

5. The undersigned declares under penalty of perjury that the undersigned has complied and will comply with all provisions of the Stipulated Protective Order Between InterVideo and Lucent Concerning the Production of Electronic Source Code, and the Stipulated Protective Orders entered in the underlying actions on August 14, 2003 and September 15, 2003.

Dated: _____                            _____

                                                     _____
                                                     Printed Name

# EXHIBIT B

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN THE MATTER OF A SUBPOENA ISSUED TO INTERVIDEO, INC. | Misc. Case No. CV 05-80278-SI |
| Lucent Technologies Inc., <br><br> Plaintiff, <br><br> v. <br><br> Gateway, Inc. et al., <br><br> Defendant. <br><br> And related cross-actions and consolidated actions | [Action pending in the United States District Court for the Southern District of California, Case No. 02-CV-2060-B (CAB), consolidated with Case No. 03-CV-0699-B (CAB) and Case No. 03-CV-1108-B (CAB)] <br><br> **CONFIDENTIALITY AGREEMENT CONCERNING PRODUCTION OF ELECTRONIC SOURCE CODE** |

The undersigned agrees as follows:

1. I am counsel for _____.

1. I acknowledge that I have read the Stipulated Protective Order Between InterVideo and Lucent Concerning the Production of Electronic Source Code and hereby agree to be bound by the terms of that protective order.

2. Upon conclusion of the consolidated underlying actions (including appeals), I agree to destroy or have destroyed any and all copies of such source code in my possession, custody, or control at that time.

3. I consent to the personal jurisdiction of this Court.

Date: _____     By: _____

_____
Printed Name

STIPULATED PROTECIVE ORDER     -3-
MISC. CASE NO. CV 05-80278-SI

1            SIGNATURE ATTESTATION PER GENERAL ORDER 45, SECTION X.B.

2       I, Theresa Norton, am the ECF User whose identification and password are being used to file this Stipulated Protective Order Between InterVideo and Lucent Concerning the Production of Electronic Source Code. In compliance with General Order 45.X.B, I hereby attest that Michael P. Stadnick has concurred in this filing.

Dated: March 7, 2006                      WILSON SONSINI GOODRICH & ROSATI
                                                       Professional Corporation

                                                       By: /s/ Theresa E. Norton
                                                               Theresa E. Norton

                                                       Attorneys for Third Party InterVideo, Inc.